IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY LILY, ) | |
| ) | Civil Action No.  02CV2784 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALDI, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT ALDI, INC.'S MOTION TO DISMISS COMPLAINT
<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Defendant, ALDI, Inc. ("ALDI"), by and through its attorneys, Christie, Pabarue, Mortensen and Young, A Professional Corporation, and Seyfarth Shaw, hereby moves this Court to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  In support of its Motion, ALDI represents as follows:

1. Plaintiff Jeffrey Lily ("Lily") filed his complaint against ALDI on or about May 9, 2002.  Exhibit A (Summons).

2. Lily's complaint alleges that he suffered injuries when he slipped and fell "due to water which had accumulated on the floor from a piece of machinery" while he was working on ALDI's property as a cleaner.  *See* Complaint ¶ 9 (attached hereto as Exhibit B).

3. Lily's complaint alleges that ALDI had a duty to Lily, as an anticipated user of its property and as a business invitee, to provide a reasonably safe area on its property to conduct

:384871-1                                                 1

business affairs, to inspect the premises periodically for hazardous conditions, and to warn anticipated users of hazardous conditions. Complaint ¶ 7. Lily alleges that ALDI breached this duty by permitting water to accumulate on the floor of its property and not giving warning about it. *See* Complaint ¶ 11. Lily's complaint therefore sounds solely in common law negligence.

4. The basis for federal jurisdiction Lily alleges in his complaint is that this action is being brought pursuant to a federal statute, 45 U.S.C. § 56, and involves damages in excess of $75,000. Complaint ¶ 3.

5. The federal statute invoked by Lily, 45 U.S.C. § 56, is the statute of limitations provision for the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, a chapter of the United States Code that creates a cause of action on behalf of an employee of a "common carrier by railroad," and/or the employee's spouse and children, in the case of that employee's injury or death in the course of employment with the railroad. *See* 45 U.S.C. § 51 *et seq.*.

6. ALDI is not a railroad, a common carrier, or a "common carrier by railroad" within the meaning of FELA.*,* and Lily does not allege that ALDI is a railroad, a common carrier, or a "common carrier by railroad" in his complaint.

7. Since ALDI is not a railroad, a common carrier, or a "common carrier by railroad", FELA does not apply to Lily's claim.

8. Because FELA does not apply to Lily's claim, it cannot provide a basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331.

9. No other basis for subject matter jurisdiction by this Court is alleged by Lily or appears on the face of Lily's complaint.

WHEREFORE, Defendant ALDI, Inc., respectfully requests that the Complaint in this matter be dismissed with prejudice.

By: _____
Catherine Olanich Raymond, Esq.
Christie, Pabarue, Mortensen and Young
 A Professional Corporation
1880 JFK Boulevard – 10th Floor
Philadelphia, PA  19103
(215) 587-1600

Counsel for Defendant ALDI, Inc.

Of Counsel:

Emily R. Donovan, Esq.
Seyfarth Shaw
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA  02210-2028
(617) 946-4800

and

John D. Frumer, Esq.
Christie, Pabarue, Mortensen and Young
 A Professional Corporation
Three School Street
Boston, MA  02108-4317
(617) 854-8315

Dated:      July 16, 2002.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY LILY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ALDI, INC.,<br><br>　　　　　Defendant. | Civil Action No. 02CV2784 |

**DEFENDANT ALDI, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION**

　　　　Defendant, ALDI, Inc. ("ALDI"), moves this Court to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because the federal statute cited in the Complaint does not apply and thus provides no basis for subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331.

**FACTS**

　　　　On or about May 9, 2002, Plaintiff Jeffrey Lily filed a summons and complaint in this Court, alleging that he suffered injuries when he slipped and fell "due to water which had accumulated on the floor from a piece of machinery" while he was working on ALDI's property as a cleaner. *See* Summons (attached hereto as Exhibit A);  Complaint ¶ 9 (attached hereto as Exhibit B).  The gravamen of Mr. Lily's allegations is that the water accumulated, and was allowed to remain without warning to users of ALDI's building, allegedly as a result of ALDI's negligence.  Complaint ¶ 7.

:384871-1　　　　　　　　　　　　　　　　　　1

The basis of jurisdiction alleged by Mr. Lily is 45 U.S.C. § 56. This statute is a statute of limitations provision for the Federal Employees' Liability Act, ("FELA"), 45 U.S.C. § 51 *et seq.* By its terms, FELA only applies to bodily injury or death claims by employees of railroads. FELA provides, in relevant part:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents, and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51.

Defendant ALDI, however, is not a common carrier by railroad, a railroad, or a common carrier of any kind, and Mr. Lily's complaint does not allege that it is. Mr. Lily simply alleges that he was injured through ALDI's negligence when he slipped on the floor of ALDI's building while performing his job as a "cleaner". Accordingly, the complaint does not establish that 45 U.S.C. § 51 *et seq.* or any other federal statute or law applies to Mr. Lily's claim.

**ARGUMENT**

**Under The Strict Construction Applied to 28 U.S.C. § 1331,
Plaintiff's Complaint Provides No Basis For Federal Jurisdiction And Must Be Dismissed**

It is a fundamental element of our judicial system that the federal courts may adjudicate only those cases Congress has specifically granted them the authority to hear. *E.g., Meinders v.*

:384871-1                                2

*Refco Securities, Inc.,* 865 F. Supp. 721 (D. Colo. 1994).  Moreover, the statute that confers jurisdiction on federal courts to handle actions arising under federal statutes, 28 U.S.C. § 1331, is strictly construed, and any doubts are to be resolved against finding federal jurisdiction to exist. *E.g., Meinders v. Refco Securities, Inc, supra*; *accord Horowitz v. Marlton Oncology, P.C.*, 116 F. Supp. 2d 551 (D.N.J. 1999).

The only basis for federal subject matter jurisdiction Plaintiff alleges here is that his claim arises under a federal statute, 45 U.S.C. § 56.  Complaint ¶ 3.  This statute is a part of the Federal Employers' Liability Act, ("FELA").  However, FELA does not apply to Plaintiff's claim at all.  FELA by its terms applies only to employees of "common carrier[s] by railroad.".  45 U.S. § 51.  ALDI is not a common carrier, a common carrier by railroad, or a railroad, and Plaintiff Lily never alleges that it is.  Accordingly, Plaintiff's claim cannot be said to arise under FELA.  It remains a simple negligence claim to be resolved under state law, and may only be heard by a state court.

**CONCLUSION**

      For the reasons described above, Defendant ALDI, Inc., respectfully requests that the Complaint in this matter be dismissed with prejudice.

                    By: _____
                         Catherine Olanich Raymond, Esq.
                         Christie, Pabarue, Mortensen and Young
                          A Professional Corporation
                         1880 JFK Boulevard – 10th Floor
                         Philadelphia, PA  19103
                         (215) 587-1600

                         Counsel for Defendant ALDI, Inc.

Of Counsel:

Emily R. Donovan, Esq.
Seyfarth Shaw
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA  02210-2028
(617) 946-4800

and

John D. Frumer, Esq.
Christie, Pabarue, Mortensen and Young
 A Professional Corporation
Three School Street
Boston, MA  02108-4317
(617) 854-8315

Dated:        July 16, 2002.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY LILY,   )  <br>                            )  <br>            Plaintiff,   )  <br>                            )  <br> v.                      )  <br>                            )  <br> ALDI, INC.,           )  <br>                            )  <br>            Defendant.  )  <br>                            ) | Civil Action No. 02CV2784 |

## **ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of Defendant ALDI, Inc.'s Motion to Dismiss Complaint For Lack of Subject Matter Jurisdiction pursuant to Fed. R.C.P. 12(b)(1), with its supporting documents and Memorandum of Law, and any response thereto,

IT IS HEREBY ORDERED and DECREED that said Motion to Dismiss is GRANTED and Plaintiff's Complaint is hereby DISMISSED with prejudice.

_____
                                                                                                J.

United States District Judge

**CERTIFICATE OF SERVICE**

This is to certify that I have this date served a copy of the foregoing Motion to Dismiss upon all parties, by causing same to be deposited in the United States Postal Service mail addressed as follows:

> Gerard J. Martillotti, Esquire
> DAVIS & MARTILLOTTI
> 1601 Market Street, Suite 2330
> Philadelphia, PA 19103

Dated:    July 16, 2002.

_____
CATHERINE OLANICH RAYMOND