IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY LILY, <br><br> Plaintiff, <br><br> v. <br><br> ALDI, INC., <br><br> Defendant. | Civil Action No. 02CV2784 |

**DEFENDANT ALDI, INC.'S ANSWER WITH AFFIRMATIVE DEFENSES,**
**TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, ALDI, Inc. ("ALDI"), by and through its attorneys, Christie, Pabarue, Mortensen and Young, A Professional Corporation, and Seyfarth Shaw, responds as follows to Plaintiff's Amended Complaint:

1. Denied. After reasonable investigation, defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and they are, therefore, deemed denied.

2. Admitted.

3. Admitted

4. Admitted.

5. Admitted.

6. Denied. After reasonable investigation, defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and they are, therefore, deemed denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in Plainitff's Complaint are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the equitable doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the equitable doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the equitable doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant had no duty of care to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Defendant had any duty of care to Plaintiff, that duty was fully discharged by Defendant.

### NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered injuries and damages due to Defendant's negligence, Plaintiff's negligence is greater than Defendant's negligence, and Plaintiff's claim is therefore barred by the Pennsylvania comparative negligence statute, 42 Pa. C. S.A. § 7102 (a).

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered injuries and damages due to Defendant's negligence and Plaintiff's negligence is found not to be greater than Defendant's negligence, Plaintiff's recovery is reduced pursuant to the Pennsylvania comparative negligence statute, 42 Pa. C. S.A. § 7102 (a).

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that there was any risk of harm presented by conditions on the premises where Plaintiff worked, which risk Defendant denies, Plaintiff assumed that risk of harm.

### TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff was injured, which Defendant denies, his injuries were the result of Plaintiff's breach of his own duty to exercise due care to protect and ensure his own safety.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Defendant has any obligation to provide compensation to Plaintiff for Plaintiff's alleged injuries, which obligation Defendant denies, that obligation is limited in accordance with Pennsylvania's worker's compensation act, 77 P.S. § 1 *et seq.*

### FOURTEENTH AFFIRMATIVE DEFENSE

At the time of the alleged accident, Plaintiff and/or Plaintiff's employer were in violation of a law or regulation, which violation caused and/or contributed to the alleged accident.

### FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered the injuries and damages alleged in the Amended Complaint, which Defendant denies, those injuries and damages were caused by a third-party for whose conduct Defendant is not responsible as a matter of law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant reserves its rights to amend this Answer to assert any and all additional defenses that may become apparent during the course of discovery in this case.

### JURY DEMAND

Defendant ALDI, Inc., demands a trial by jury as to all issues so triable by law.

WHEREFORE, Defendant ALDI, Inc. respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, that Plaintiff be ordered to pay all costs, expenses and attorneys fees incurred by Defendant in defending this matter, and that Defendant be granted such other and further relief as may be appropriate.

By: _____
Catherine Olanich Raymond, Esq.
Christie, Pabarue, Mortensen and Young
 A Professional Corporation
1880 JFK Boulevard – 10th Floor
Philadelphia, PA  19103
(215) 587-1600

Counsel for Defendant ALDI, Inc.

Of Counsel:

Emily R. Donovan, Esq.
Seyfarth Shaw
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA  02210-2028
(617) 946-4800

and

John D. Frumer, Esq.
Christie, Pabarue, Mortensen and Young
 A Professional Corporation
Three School Street
Boston, MA  02108-4317
(617) 854-8315

Dated:  September 13, 2002.

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing Answer with Affirmative Defenses upon all counsel of record, by causing same to be deposited in the United States Postal Service mail addressed as follows:

> Gerard J. Martillotti, Esquire
> DAVIS & MARTILLOTTI
> 1601 Market Street, Suite 2330
> Philadelphia, PA 19103

Dated:	September 13, 2002.


_____
CATHERINE OLANICH RAYMOND